J-S85011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOEL A. JAMES | |
| Appellant | No. 1698 EDA 2016 |

Appeal from the PCRA Order May 4, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004093-2011

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 27, 2016**

Appellant, Joel A. James, appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the relevant facts and procedural history as follows.

> On November 21, 2011, [James] entered into a negotiated guilty plea to a Pharmacy Act Violation for obtaining drugs by fraud (M3). The sentencing judge . . . sentenced [James] pursuant to the plea agreement, 2-12 months of incarceration. The minimum sentence was to be served on electronic home monitoring, with the remaining balance of the sentence to be supervised by the Substance Abuse Unit of the Delaware County Department of Probation and Parole. As no appeal was filed, the judgment of sentence became final on December 21, 2011.

> [James] was found to be in violation of his parole and a Gagnon II hearing was conducted on December 14, 2012. [James] was ordered to serve his full back time with immediate

parole, and to complete outpatient treatment. . . . [James] completed serving his sentence on this matter in 2013. . . .

In August of 2015, counsel for [James] filed "Motion for *Nunc Pro Tunc* Reconsideration of Sentence." Counsel alleged that as a result of his plea in 2011, [James] was being detained by immigration authorities and faced deportation. [The PCRA court] conducted oral argument on October 2, 2015, and denied the motion via [o]rder on October 16, 2015.

On November 2, 2015, [James filed] a pro se PCRA petition alleging that counsel was ineffective for failing to notify him of the possible immigration consequences as a result of entering the negotiated guilty plea on November 21, 2011. [The PCRA court] appointed PCRA counsel who filed an amended petition on February 8, 2016. The Commonwealth filed its response on February 17, 2016, arguing that the petition was untimely and that [James] had completed his sentence and thus is not eligible for relief under the [PCRA].

PCRA Court Opinion, 7/7/16. The PCRA court adopted both of the Commonwealth's arguments and denied James's petition. This timely appeal followed.

On appeal, James contends that he asserted a valid claim and therefore the PCRA court erred in dismissing his PCRA petition. **See** Appellant's Brief, at 10. Specifically, James alleges that based upon the United States Supreme Court's ruling in **Padilla v. Kentucky**, 599 U.S. 356 (2010), his guilty plea counsel rendered ineffective assistance because counsel failed to inform him of the potential immigration consequences of his guilty plea. **See id**. at 9.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is

supported by the evidence of record and is free of legal error. ***See Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***See Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***See Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Prior to addressing James's substantive claim, we must first determine whether the PCRA court correctly dismissed James's petition without a hearing based upon its conclusions that: 1) it lacked jurisdiction to entertain James's *pro se* PCRA petition; and 2) that James's petition was untimely filed.

Eligibility for relief under the PCRA is governed by 42 Pa.C.S.A. § 9543, which provides:

> (a) **General rule.-** To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
>> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is:
>>
>>> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>>>
>>> (ii) awaiting execution of a sentence of death for the crime; or

> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

*See also Commonwealth v. Descardes*, 136 A.3d 493, 501-503 (Pa. 2016).

James does not meet any of the three eligibility requirements. He completed his sentence in 2013. He is therefore ineligible for PCRA relief. *See Commonwealth v. Turner*, 80 A.3d 754, 767 (Pa. 2013) ("[O]ur legislature chose not to create any statutory entitlement to collateral review for defendants who have completed their sentences.")

James contends that because he is being detained at an Immigration, Customs, and Enforcement center as a result of his guilty plea, he has not yet completed his sentence. However, this argument is woefully underdeveloped and James does not support his argument with *any* case law. Therefore, we will not consider it. *See*, *e.g.*, *Banfield v. Cortes*, 110 A.3d 155, 176 n. 11 (Pa. 2015) (citation omitted) ("[w]here an appellate brief fails to provide any discussion of a claim without citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

Further, we note that even if we were to find that James was eligible to file for PCRA relief, the PCRA court would have been correct in denying James's petition as untimely. The timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.

Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment is final, unless the petition alleges and proves an exception to the time for filing the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of those statutory exceptions must "be filed within sixty days of the date the claims could have been presented." **Hernandez**, 79 A.3d at 651-652 (citing 42 Pa.C.S.A. § 9545(b)(2)). Exceptions to the time bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

James's judgment of sentence became final on December 21, 2011, when the thirty-day time period for filing an appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, James needed to file the petition at issue by December 20, 2012 in order for it to be timely.[1] He filed the instant petition almost three years later; it is patently untimely unless James has satisfied the burden of pleading and proving one of the timeliness exceptions.

Though James argues in his appellate brief that his PCRA petition meets the newly discovered constitutional right exception because of the

---

[1] The year 2012 was a leap year. Therefore, December 20, 2012 constitutes one year from the date James's judgment of sentence was finalized.

United States Supreme Court's ruling in **Padilla**, he failed to even plead this exception in either his PCRA petition or in his amended PCRA petition. By failing to plead this exception in his petition, he has waived all claims that an enumerated exception applies to his PCRA petition. **See Burton**, 936 A.2d at 525; Pa.R.A.P. 302(a).

In sum, James was ineligible to file for PCRA relief. and even if he was eligible for relief, his PCRA petition was untimely, and he waived any exception to the timeliness requirements of the PCRA. Thus, the PCRA court properly concluded that it lacked jurisdiction and correctly denied James's post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2016